UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEUTSCHE BANK NATIONAL TRUST CO.,

        Plaintiff,

   v.

TOD E. SHERARD, et al.,

        Defendants.

CASE NO. C12-5182BHS

ORDER GRANTING MOTION TO REMAND

This matter comes before the Court on Plaintiff's motion to remand. Dkt. 3. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. DISCUSSION**

On March 2, 2012, Defendants removed this matter from state court. On March 23, 2012, Plaintiff Deutsche Bank National Trust Co. ("Deutsche") moved to remand the case back to state court. Dkt. 3. Defendants did not respond to the motion to remand but

ORDER - 1

filed a motion seeking additional time to obtain counsel to represent them in this matter. Dkt. 4. On April 13, 2012, Deutsche responded to Defendants' motion. Dkt. 5.

**A.	Failure to Respond, CR 7(b)(2)**

Because Defendants have failed to respond to the instant motion, it may be deemed to have merit by the Court. *See* Local Rule 7(b)(2). Although Defendants filed a motion seeking additional time to obtain counsel, they provided no response to Deutsche's arguments that the Court lacks jurisdiction over the case. *See* Dkt. 4. Therefore, the Court could grant the instant motion on this basis alone. *See* LR 7(b)(2).

**B.	Merit of Deutsche's Motion to Remand**

Generally, federal jurisdiction is determined from the face of the complaint. *See* Fed. R. Civ. P. 8; *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Federal jurisdiction is either based upon diversity of citizenship or federal question jurisdiction. See 28 U.S.C. §§ 1331, 1332. A plaintiff, not a defendant, is the master of the complaint. *See, e.g.*, *Calif. ex. rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004) (a plaintiff may "choose to have the cause heard in state court . . . by eschewing claims based on federal law").

In the present matter, Defendants are citizens of the state of Washington (*see* Dkt. 1 at 3) and therefore cannot remove the action to federal court based on diversity jurisdiction. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 83-84 (2005); *see also Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (citing 28 U.S.C. § 1441(b)). In addition, Deutsche pleaded only state law claims in its complaint, thus, no federal question exists. *See* Exh. 1 (copy of complaint attached to

Court's order).[1] Therefore, the Court lacks subject matter jurisdiction over this matter and it must be remanded. See 28 U.S.C. §1447(c).

**C.     Defendants' Motion for Extension of Time**

The Court concludes that Defendants' motion for extension of time to obtain counsel must be denied. The Court lacks jurisdiction over the matter. If Defendants need additional time to obtain counsel, they must seek relief in state court.

## II. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for extension of time is **DENIED**, Deutsche's motion to remand (Dkt. 3) is **GRANTED**, and this case is **REMANDED** to the court in which it was originally filed.

Dated this 24th day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge

---

[1] Because Plaintiffs failed to file a complete set of the state court documents in removing this action, the Court has attached a copy of the original complaint as Exhibit 1 to this order.